Good morning, Your Honors. My name is Stephen Becker, representing David Tucker. As this is a consolidated case, I will make an effort to complete my argument in ten minutes and leave the remainder of the time for Mr. Averett's attorney. Whereas here the trial court, based upon a blanket policy, commits an error of constitutional magnitude that necessarily corrupts the framework within within which a trial proceeds, the defendant is entitled to a new trial regardless of whether he testifies. This court has issued a series of rulings recently striking down blanket policies in Patrick, Walker, and Terrell. And the same result should attach here as I believe that Patrick controls in this situation. In Patrick, this court held that the defendant was substantially prejudiced at the time at which the court failed to rule on the Illuminate motion. The judge in Patrick is the same as the judge here. It's Judge Sachs. And by failing to exercise discretion at that pivotal moment, the defendant is substantially prejudiced in two ways. First of all, he's substantially prejudiced because he cannot knowingly and intelligently make a decision on whether to testify. And secondly, his defense counsel is unable to properly formulate the strategy for the trial. As such, the consequences for the defendant and defense counsel are unquantifiable and indeterminate. In that kind of a situation, one cannot assess the prejudice that inures to a defendant and his counsel because they're unable to make these critical decisions. Mr. Becker, the only distinction between these cases and Phillips is that in these cases, the trial court's decision to delay its ruling was the result of a blanket policy rather than a case-by-case exercise of discretion. That's correct. In Patrick, it was based on a blanket policy, as in Tucker, and in the Phillips case, in Patrick, it was not based on a blanket policy. But don't both decisions put the defendant in exactly the same place, having to proceed in all ways without knowing whether the prior convictions will be admitted? No, they don't, because when you have a situation where the judge either denies the motion or in Phillips where he did exercise his discretion, I mean, he did throw out one of the prior convictions for purposes of impeachment, but then, of course, he didn't make a ruling on the others, the defendants are in a different situation. Because where, for example, you have a situation where the judge denies a motion, the defendant and his counsel can clearly still formulate a strategy by how they can proceed. They can determine whether the defendant will testify, whether the jury will be notified in opening arguments that the defendant will, in fact, testify, whether the defense will anticipatorily disclose the prior convictions to try to take away the sting. So to me, it's a difference between night and day and a difference between certainty and uncertainty, whether a defendant gets a ruling pretrial or he does not. And clearly, the other difference, in addition to blanket policy that I would point out, that in Patrick, this court held clearly, unanimously, that the error was one of constitutional magnitude, as opposed to in Phillips where it appears that it was an evidentiary issue and that's why a different result was reached. So I would say that the two situations are entirely different. And where we have a blanket policy, as here, I think it's incumbent upon this court to establish a bright-line rule, because otherwise what we have is a trial by ambush. And so it's really irrelevant, in my mind, where a judge has a blanket policy, whether the defendant testifies or not, because in any event, this court would not be able to conduct a harmless error review. And therefore, I think in any kind of a blanket policy case in this situation, considering the nature of the right that's at stake, that reversal should be required. Does that defendant face these obstacles in any case in which she's denied the right to make the motion and eliminate before he testifies? Could you repeat the question? I don't think so. OK. Isn't it true that the defendant faces the same obstacles, regardless of whether he testifies? No, because if I understand your question correctly, if he makes his motion and the judge does not rule, then he faces this problem of being unable to declare or constitute a strategy, where if he makes the motion and the judge denies it, he clearly does have the ability to make a strategy. Of course, as Justice Thomas said, if the defendant testifies, he has faced the same obstacles that any defendant who makes the motion to eliminate faces, which is, if the motion to eliminate is denied, I don't know what the judge's ruling is going to be. In some of those cases, the defendant chooses to testify in which he suffers the consequences of this peculiar situation. But if he does not testify, and it's shown that the judge gives a blanket policy in all cases not to deal with the motion, doesn't that defendant face the obstacles as well? Well, he may decide to testify or not, but the question for this court is where the trial court has a blanket policy. Can you, in fact, assess harmless error? And the answer is no, you can't. That's because the failure to exercise your discretion substantially prejudices the defendant at the time of the failure to rule. And therefore, you can't possibly assess prejudice because you don't know what kind of strategy would have been performed. Why do we give one defendant relief and not the other? Because you give them relief because the same results attach, the same consequences attach to the failure to exercise discretion. In other words, in Patrick, you had a blanket policy and you had a defendant who testified. In Tucker, you had a blanket policy, the same judge, you had a defendant who did not testify. But the consequences to both defendants are exactly the same. Neither of them could decide knowingly and intelligently whether they would testify, and nor could the defense counsel formulate a strategy. That's why they are in the exactly same situation and the same result should attach. But the problem that Chief Justice Fitzgerald and I are having is really not with Patrick, but rather with Phillips. And both defendants are being put in exactly the same position in either case. Both defendants are put in the same position. They're both proceeding in the dark.  And I think what we're trying to grapple with, can the difference between forfeiture and new trial simply, can that be whether the trial court has a blanket policy of doing what he has the discretion to do anyway? He has discretion to do it. How can two defendants similarly situated who don't testify, regardless of whether there's a blanket policy, one gets a new trial and one doesn't? But those defendants in Phillips and Patrick were not similarly situated. Because you have- No, the defendants in this case, how is this case distinguishable from Phillips? From Phillips, it's distinguishable because in Phillips, the judge did not exercise a blanket policy. He did make a ruling on one of the areas- Absolutely, and this is getting a little bit circuitous, but the point of the matter is that whether or not there's a blanket policy or not, there's a decision in both cases not to testify, right? Yes, but the nature of the error is different. That's why there should be a different result. Well, let's get to the nature of the error, because you talked about the constitutional error in Patrick. Yes. And the court did describe the error as being one of quote unquote constitutional dimension, and I think that's what you're talking about. Yes, that's correct. But the court did not in fact treat the trial court's blanket policy as per se irreversible or as immune from harmless error analysis. The court reversed only after examining what happened at trial and concluding that the admission of the prior convictions in fact prejudiced Patrick. And a conclusion the court obviously could not have made had Patrick elected not to testify. So we looked at the facts of the case, using the words constitutional dimension or not. I would disagree, because I actually agree with Justice Burke's separate opinion that this court in Patrick did not conduct a normal harmless error analysis. What this court said is that the defendant in Patrick was substantially prejudiced temporarily at the point in time at which the trial judge failed to exercise his discretion. That goes towards structural error. The, what I would describe as perfunctory harmless error analysis, which this court apparently engaged in based upon- But we could not have looked at and examined what happened at trial had the defendant not testified. Well, but you didn't need to. That's my very point, because the error occurred, the prejudice occurred to the defendant at the point in time at which Judge Sachs failed to exercise his discretion. He was already substantially prejudiced, and that's what this court ruled. You didn't need to engage in a harmless error analysis. It was completely unnecessary, and that's why the same result should attach here, because the defendant's testimony is not necessary for you to find prejudice. But the majority did not find it unnecessary. Well, that's questionable, because I think the majority did say, as a result, Patrick was substantially prejudiced in its opinion, and they did that before they mentioned the harmless error analysis. So, as I see, the harmless error analysis was legally perfunctory and not necessary to reach the court's result. I want to make sure that my colleague has a time to argue. So, thank you very much. Good morning. I'm Debra Lovi-Reyes on behalf of Warren Averitt. And this morning, I'd like to address the application of the plain error rule to the trial court's refusal to rule. And I think that the plain error rule can actually address some of the concerns that I'm hearing from the court during Mr. Becker's argument. The plain error rule has a real simple three-step analysis with the clarity and logic of a math formula. First, we know from People v. Walker that when a court abdicates its discretion and refuses to rule, that that's error. That's nothing really new in Walker. It's pretty uncontroversial. We know, secondly, in Patrick, that the error that occurs when a court refuses to rule on a motion in Limine about the admissibility of the prior convictions at least impacts a substantial right. And the court did a really nice job in the majority in Patrick, as well as the separate opinion, setting forth that a defendant's ability to present his defense is impaired from start to finish, that a defendant's ability to testify knowingly or to waive his right to testify is impaired. When you put those together with the plain error rule, the plain error rule very simply says that when a court errors and the error affects a substantial right, that the plain error rule applies despite any forfeiture. My concern is, we're talking about blanket policies. Now, you know, suppose we enunciate a rule that you have a blanket policy, whether or not the defendant testifies, it's error to not rule on a motion in Limine. Presumably, trial judges will be smart enough not to say I have a blanket policy. They'll just say, I'm exercising my discretion. I'm going to hear this if the defendant testifies. Is the defendant prejudiced? Well, I would argue that, yes. So you're saying, so. But that's not this case. Well, I know it's not this case, but I'm thinking about, what kind of a rule are you asking this court to promulgate? And then the next thing is, where does that rule take us? And is that, why should there be a different result in a case where we can't really tell whether there's a blanket policy? I mean, then you're left with, you have to prove that this judge heard 42 cases and never ruled on any of them before trial, and that's really a de facto policy. Or, you know, where is this going to take us? I mean, are we, should we just bite the bullet and say, okay, you don't have discretion, you have to rule on that? Let me tell you where this will take us. First, you have the simple case, which is Warren Everett's, where the court flat out says, I have this policy. When the court says it has a blanket policy, we know there's no dispute of fact about whether his discretion is being exercised or not. He's told us he's not exercising any discretion. In that case, you have a clear error. Now, if the court seems to be perhaps mulling it and weighing it, like in the Phillips case, where the court didn't seem to perhaps be exercising some discretion and choosing not to, that's an evidentiary error. And somebody with the, you know, Phillips didn't argue plain error. And I'm frankly not sure how this court would resolve the plain error question in a Phillips-type situation, where the court does appear to be exercising discretion. I think the result should be the same as it is here. But this case gives you a very simple set of cases that we've seen a lot. There are courts that are just refusing to rule. And their job is to rule. On the plain error issue, just dovetailing off of Justice Garmon, there is significance to the fact that blanket policy or not, that judges can exercise discretion when contemplating whether it's plain error. We have a circumstance in which judges are allowed to exercise discretion. Granted, based on present case law, they have to say, I don't have a blanket policy or not have a blanket policy, but they can exercise discretion. How can an issue in which a court actually has discretion to rule on rise to the level of plain error? Well, and again, that's not this case. Well, you started talking about plain error. I was trying to address where this might lead the court. But the Walker court, or the decision in Walker, makes this very clear. In Walker, this court says, look, maybe if the court had weighed the factors and decided to deny a continuance, that wouldn't have been an abuse of discretion. We can think of circumstances where that might not have been abuse of discretion, but it's the court's abdication of discretion totally, the court's refusal to rule, that makes this a clear error. And that's what you have in the Averitt line of cases and in Tucker and all these cases where the courts have just said, matter of policy, I'm not going to, or the courts have demonstrated that they have a policy. The next step, I'm sure, if you grant the relief that I'm asking, is that you will see cases where the court didn't have a clear policy and will have to decide whether or not to apply the plain error rule there. But you have a very clear situation when the court says, I have a policy, I'm not going to rule, that that's error. Well, tell the court clearly, since you're a light one, in clear fashion, why in a case where there is a blanket policy and a defendant chooses not to testify, this court should rule that there is, this court should rule a new trial, but were a case that a judge exercises discretion, not a blanket policy, and yet the defendant chooses not to testify, he gets a harmless error analysis. Well, I would contend that that really supports what Mr. Becker is saying, that perhaps Patrick needs to be tweaked. But you have the plain error rule, unless this court wants to drastically change the plain error rule, I think it dictates the result that when the court refuses to rule, it's abdicated its discretion. We know from Patrick that that error is one that affects the defendant's substantial rights. I don't see how the result can come out any other way. Now, if that leads to an anomaly, then perhaps that's because there is a structural error that occurs. And that's why it's so important to give some thought to what Mr. Becker is advocating, because I think it does, the error does happen at the time that the court refuses to rule. Does that answer your question? Yes. Okay. I just conclude by saying that the appellate court here talked about, you know, that the trial court had absolutely everything it needed to rule here, and it's just a simple matter of fairness that courts should rule on these as soon as possible. It's in everybody's interest that the courts rule, that the defendants have this information before they testify. And there's really no reason for the trial courts not to rule. I've racked my brains to think about why the trial court would say I have a policy where I'll never rule, and I can't come up with it. There doesn't seem to be any counterbalancing interest to the defendant's very clear interest to have all the information in front of him, to not be ambushed so that he can decide, maybe I want to plead, maybe I want to choose this defense instead of that defense. What about the case in which the defendant doesn't know at the time there's a blanket policy? That there is a blanket policy in place, it's discovered later. So that defendant has a decision to make, same as the defendant who has a decision to make where the court correctly exercises its discretion and doesn't allow the testimony, and doesn't allow it in or allows it in, whatever rules on the matter. I would argue that whether it's because of a blanket policy, or whether it's the Phillips type situation, that the plain error rule should apply. I think I've offered you a much simpler case, so that this court doesn't have to go there if it doesn't want to, but I think in either case, you have, if the court refuses to rule, whether it's because of a blanket policy or because I don't like this particular defendant or because I don't feel like ruling today, when the court refuses to rule, the court's not doing its job.  I would argue that the plain error rule should apply to the defendant because the defendant doesn't have the information he needs in order to decide what defense he wants to present, how he wants to question jurors, and all the other information that he needs, and the plain error rule dictates the result here. Good morning. May it please the court assistant state's attorney, Noah Montague, on behalf of the people in this matter. Counsel, if you could speak up, please. Speak up? Yes, sir. Is this loud enough, sir? In these two cases that you have before this court today, you have no meaningful difference presented by the legal issues here today than the legal issues presented in the case of People v. Phillips. Just as in Phillips, these defendants filed motions to bar their prior convictions from coming in. Just as in Phillips, the trial courts in the respective cases decided to delay ruling on multiple convictions. And just as in Phillips, these defendants decided not to testify. In Phillips, this court found that because the defendant did not testify, he forfeited review of the trial court's decision to delay ruling on three of his convictions. And the same forfeiture rule should apply here. And it's important to note here why. Because you see what the defendants here are arguing is that forfeiture should not apply in their cases due to the nature of the error itself. They're not saying that there's some law out there, case law or statute, that limits the applicability of the forfeiture rule applied in Phillips. What they're saying is that the nature of the error itself should stop forfeiture from applying. But if you look at the nature of the error in Phillips, you see the same harms that they are alleging here today. They are saying, I had decisions to make based on what the trial court did. And that's the exact same thing that the defendant in Phillips could say based on what the trial court did there. Ms. Montague, doesn't it follow that the trial courts to refuse to rule in either situation inhibit the defendant's decision-making process, his ability to have information, knowing an intelligent decision about whether to testify or not? Isn't that when it occurs, his inability to make the decision? I would say no, that the defendants are affected when the trial courts make such a ruling. But I would also point out that under People v. Patrick... If they don't make the decision, if they're not ruling, whether it's a blanket policy or it exercises their discretion, they're not ruling, doesn't that, at that point, doesn't that inhibit the defendant from making a knowing and intelligent decision whether to testify or not? Well, the one thing I would point out first... And what is the difference? One thing I would point out first, Your Honor, is that it does not inhibit the defendant any more than, say, the defendant in Tompkins. Where the defendant in Tompkins had his prior convictions admitted against him, and then he later said, well, I decided not to testify because of that, but forfeiture still applies. That's a fact. I mean, they can make that decision. But at the time of making the decision, and no one's ruling, there's no ruling. He can't make a knowing decision. Well, Your Honor, I would say that his right to testify is not inhibited, and you can see this first from the fact that Patrick testified. You can also see it in a similar case of Orr v. United States, where Justice Rehnquist, dealing with a similar situation, said there was nothing in this case that prevented the defendant from getting on the stand and testifying to anything that the defendant wanted to. But motions in limine are for the ability of the defendant to have certain evidence not brought in in the trial. And so that's available to the defendant, but he's not able to avail himself of the motion in limine if no one's ruling on it. Correct. But, Your Honor, this argument, this line of argument that the defendant is somehow more affected by no ruling in the case, it doesn't logically follow because the worst-case scenario for these defendants is that the impeachment evidence comes in, and yet these defendants are in a situation where maybe the impeachment evidence comes in, maybe it doesn't. They're actually in a better situation than someone who has had their motion denied. And certainly these defendants had no problem testifying, and we see Patrick testified. He was in the exact same situation with the blanket policy and all the things. Counsel, if I could go back to your earlier statement about being in a worse situation. Isn't the worst situation to have to try to testify without knowing whether or not that's going to result in the admission of your prior convictions against you? Well, Your Honor, Patrick really represents in these scenarios the worst-case scenario. What could happen? And it's important to point out that the defendants have made an argument. But Patrick knew. Patrick knew when he testified, didn't he? No, Your Honor. Whether... To my knowledge, Your Honor, when Patrick testified, his convictions had not yet been admitted. And then they were admitted after he testified. I may be incorrect on that, but that is my understanding of that case. But that's the choice, shooting in the dark, not knowing. I mean, any defendant can do that. But the motion in limine is made available to him to make the decision. And any defendant could decide whether to testify or not. But it's prejudicial if he can't know. Don't you think? Your Honor, and what case law has consistently said, and the people have cited several cases, whether it's Oler or Whitehead or other cases, they've consistently said at certain points that the defendants simply have to make a choice and take the risk, or they're not going to present a reviewable record on appeal. And I would actually point out that this Court highlighted in its Phillips decision that in the case of People v. Whitehead, that the defendant in that case filed two motions to bar his prior bad acts and admission of prior bad acts. And the trial court actually in Whitehead did not enter a final decision. And this Court pointed that out and actually highlighted the word depending in Phillips when it quoted from Whitehead, because the trial court in Whitehead said, I'm going to allow this evidence in depending on what I hear during the direct examination. And more importantly than that, I would also point out that the trial court in Whitehead was presented another motion. Because the defendant in Whitehead did not receive a final ruling on his first two motions, the defendant in Whitehead then said to the Court, okay, well, how about this? I move that you decide the scope of my cross-examination, and I'm going to make an offer of proof as to what I would testify to. And the trial court, very interesting, the words that this Court used, it's on, I believe, on the Illinois Second Paginations, page 444, said that the trial court refused to decide, refused to rule on the defendant's third motion, which was decide the scope of my cross-examination based on my offer of proof. And I would also point out, because these defendants have attempted to distinguish Whitehead as a case that only deals with motions that were actually decided and does not deal with constitutional errors, that based on the trial court's decision to refuse to rule on that third motion, the defendant in Whitehead then alleged a constitutional error. And he said that my Sixth Amendment right to present evidence was violated by this Court's decision, but in Whitehead, this Court found that the defendant had forfeited that error because he did not testify. And what you really see in Whitehead is that even beyond the Phillips case, it provides an independent basis for this Court to find that these defendants forfeited any review of their cases, of the trial court's decision to delay ruling. One thing I would like to respond to is that these defendants have tried to characterize what the trial courts did here as a refusal to rule. And I do not believe that this is accurate. And it's a minor point and it's a semantic point, you might say, but it's an important point here where they're trying to allege that a refusal to rule and abdication of discretion, a failure to rule and all these manner of things, that what the courts did here was not a refusal to rule. The courts in both cases said, I am going to rule on that motion when the evidence is presented at trial, and that's an important point in this case because obviously there's a difference between delaying your ruling and refusing to rule outright. But the most important thing is that I'm... I'm trying to make a... Yes, on a very narrow point, Your Honor, I'll try and narrow it down so it's as clear as possible. What I'm saying is these defendants are alleging an abdication of discretion, a refusal to exercise discretion. I'm saying that that specific point is not accurate because what the trial courts did here was still an exercise of discretion. Because they're trying to make a decision to rule. Because under Illinois law at the time, and people versus Owen, the people cited in their brief, and other Illinois appellate cases specifically granted the trial courts the power and the discretion to do exactly what the two trial courts did here. And so what the trial courts did was to follow the law in effect at the time. And following the law and following discretion that is granted to you by the Illinois appellate court does not later become an abdication of discretion just because the trial courts did not have clairvoyance enough to know that the law would eventually change. These courts exercised discretion specifically granted to them by the Illinois appellate court. And this court in Patrick also noted that, you know what, we ruled on these motions in Montgomery, but we didn't say anything in Montgomery about the timing of them. And then this court noted, well, you know, we've never ruled on when these things should be ruled upon. And so those cases, Owen and other similar cases, are the only things these trial courts had to go on. And those cases said that the courts had discretion to do exactly what they did. And I want to point out that the distinctions that these defendants have tried to make of this court's decision in people versus Phillips simply do not have merit. And what you see here is the assertion that somehow simply by having a blanket policy, forfeiture cannot apply. But there is no case law that says as much. And in fact, in people versus Sims, this court actually found that an exercise of a blanket policy during Baudire was a valid exercise of discretion. So it's impossible to see how something, which in some cases is not error at all, could here render a blanket policy such a great evil that it could never be forfeited. And obviously I've already addressed their second distinction of the Phillips case, which is in Phillips they say there was an exercise of discretion in their cases, they say a refusal. But that is not accurate where the courts exercise discretion as granted by the appellate court. And third, they assert that there was constitutional error in their cases but not in Phillips. And I would just suggest that while that entire argument is based on their reading of Patrick, and far be it from me to tell this court, at least no more than I already have, what this court said in Patrick. This court knows full well what it said in Patrick. But I would simply assert to this court that these defendants have never actually pointed out where there is an explicit finding of constitutional error. Now, as Your Honor pointed out, there is one point where this court says this error is of a constitutional magnitude. And that statement is there. But again, the explicit holdings in Patrick all state that there was an abuse of discretion. And the beginning of the analysis in Patrick states that the evidentiary ruling, like a motion in Lemonet, is reviewed for an abuse of discretion. And furthermore, as I pointed out, in Whitehead this court dealt with a refusal to exercise discretion and a constitutional error based on that. And based on that, this court found that the defendant forfeited those errors because he did not testify. So, Your Honors, for these reasons and based on this court's decision in Phillips and Whitehead, and for all the reasons stated in the People's Brief, we ask that you affirm the appellate court's decisions here in affirming these defendants' convictions. Thank you. Counsel. Just briefly, Your Honors, my colleague on the other side says that their cases apply. I would say he mentioned Whitehead and Older. Every one of the cases cited by the state all have to do with situations in which there was, in fact, a ruling entered on the motion. If you look at Whitehead, Tompkins, Loose, and Older, in every one of those situations, we have a case where the judge, in fact, entered a ruling on a motion. Therefore, they are all distinguishable. The state has failed to cite a single instance in which, as in our case and as in Patrick, there was a failure to exercise discretion. Now, Justice Thomas had asked my colleague earlier about why should the same result attach here where, in Patrick, the defendant testified, and, for example, in my client's case, he did not. The reason the same result attaches is that the prejudice is exactly the same, because when the judge fails to exercise discretion at that critical moment, both of the defendants, whether they testify or not, are substantially prejudiced at that point in time. They are unable to make a knowing and intelligent waiver or decision on the right to testify. Mr. Becker, at this point, let's clear something up, because based on the questions to Mr. Montague, you are not stating, nor is it the state of the law, you have no problem with the fact that a trial judge can, when faced with a motion in limine, requesting that prior convictions be kept out. You have no problem with the fact that a judge at that point in time can say, I'm not going to rule on that until you testify. Yes, as you said in Patrick, if he puts his reasons on the record so that the court can later judge it, that's correct. Right. So we are not dealing with that issue at all. Correct. All right. Okay. I just wanted to clear that up. Second thing, with respect to the whole Patrick case, when a trial judge, or really, rather, the Phillips case, when a trial judge exercises his discretion in that regard and says exactly what I just said, that I'm not going to decide until you have to testify, that person doesn't know the outcome of that, right, until after the defendant chooses to testify or not. Right. He doesn't know the outcome. And isn't that the same exact, when you're saying you're in the same position to the Patrick defendant because it's a blanket policy, isn't your client in the same position, rather, to Phillips because at the point the blanket policy is invoked, he has the same decision to make as the defendant in the case where the trial judge exercises discretion. No, he's not in the same situation. Does he have the same decision to make? Does he have the same decision to make? My policy, Mr. Defendant, is that I will not rule until after you testify. By the way, I have a blanket policy. Other judge, I'm going to exercise my discretion and not determine that issue until after you testify. Is it your client in the case of a blanket policy and the client in the case of not a blanket policy faced with exactly the same decision? They may be faced with a similar decision, but the nature of the error is different because in the... Well, I want to stay with the decision. Are they faced with the same decision? No, they're not because in the one case where the judge says that he may have reasons later to make a decision based on the testimony, it changes it into an evidentiary ruling where if the judge has a blanket policy, it's a question of constitutional magnitude. So it entirely changes the nature of how a court would review the error. So I'm going to take that as a yes, they have the same decision. Okay. But there's a constitutional issue that you're framing. So based on the... Yes, both of them are... Based on the one, the blanket policy, new trial, faced with the same decision. Based on the other, no blanket policy, sorry, harmless error analysis. That's correct because in the latter situation, it's an evidentiary ruling and so the court would need the defendant's testimony to conduct a harmless error analysis where in the former situation where the judge outright refuses based on a blanket policy, the defendant is substantially prejudiced at that point in time and so therefore the court does not need the testimony. As a matter of fact, even in Patrick, this court said that the defendant's testimony was not necessarily necessary for their harmless error review because there was some additional evidence in their record. So that was the distinction I would make is that one is an evidentiary ruling and thus harmless error analysis is appropriate for the reviewing court where in the former situation, this court unanimously... Well, they're both evidentiary rulings, aren't they? No, they're not. Why? Because in the former situation, the judge doesn't, contrary to what the state said, the judge never exercises his discretion. He doesn't exercise his discretion but he said, I'm going to wait until I hear testimony. Well, no, because in the first situation was one where he refused to exercise his discretion based on a blanket policy. You would not doubt, you would not contest that in both situations the same thing occurs. Forget the decision for a matter. The judge is not going to rule until either he hears the defendant testify. He's not going to rule. Whether it's a blanket policy or not or discretion, he's not going to rule. Right. He's not going to rule but the nature of the error is entirely different because the one is an error of constitutional magnitude. I understand your constitutional argument. What I'm talking about is how is one evidentiary and not the other evidentiary. Because in one where the judge is waiting to make a ruling, he has a basis for doing that. So it becomes an evidentiary ruling where, like in this case, the judge refuses based on a blanket policy, there's absolutely no exercise of discretion whatsoever and this court is unanimously held it's an error of constitutional magnitude. So it entirely changes the basis on which this court should review the area. And so on that basis, thank you for listening. I ask that you reverse my client's conviction and remand for a new trial and I will hand it over to Ms. Lovey-Reyes. I'd love to take a quick stab at that question if I may. There's an example I put in my reply brief of two defendants that both want to exercise their right to counsel of choice. They both have their motions to change attorneys denied at the exact same point in the trial. One's is denied because the court exercises its discretion and finds that there's a conflict that can't be waived. The other's is denied for an arbitrary blanket policy perhaps because the court never accepts Pro Hoc Vitae motions or maybe something as outrageous as the court doesn't want to see a woman lawyer in there. The harm that the defendants may both suffer is the same in the trial aspect in that they're both denied their right to counsel of choice at the same moment. But I think we can all agree that the difference, the type of error makes a significant difference. In one instance where the court has exercised proper discretion, we review that for an abuse of discretion. If the court exercised it properly, there's not a problem. In the other where the court has this blanket policy of refusing to rule because of some other factor, the error that occurs there is different. And so even if the harm might be the same that they didn't get their counsels of choice, I think that the nature of the error dictates. Are you saying that because there's no evidence to rule on whether there's an abuse of discretion in the latter? I'm saying, yes, when the court refuses to rule because of a blanket policy, There's no evidence. There's no evidence. Therefore cannot be reviewed for abuse of discretion. Well, that would be part of it, sure. But part of it also is that you can say that a defendant, you can apply the plain error rule, which is one of my arguments as well, which is you have an error that occurred. It affects a substantial right, in that case the right to counsel of choice. So you don't need to worry about forfeiture because you can apply the plain error rule. But also I would say that when you do have this abdication of discretion there, then you don't have to resolve. What's the substantial right in this case? It's set forth very nicely in Patrick. The defendant's ability to defend himself, the defendant's ability to waive his right to testify or knowingly exercise his right to testify. Those are both substantial rights. I think they're set forth very clearly in Patrick. In your example, is there a case you can point us to as to this right to counsel example where discretion was used in one and there was a blanket policy to not allow counsel and was harmless error applied in that case in one instance and not the other? Or is that where the analogy breaks down? It's a hypothetical, but there are certainly many cases that talk about a right to counsel being a substantial right. Well, there's a ton of cases that talk about a right to counsel. I'm talking about cases that vis-a-vis one would allow. I mean, to bring that example before the court, I think you have to show where in one case harmless error would be applied and in the other case a new trial would be applied. I think you put forth a more graphic example of blanket policy versus abuse of discretion in a different context. But the issue here comes down to whether in both of those, abuse of discretion, where discretion is used in blanket policy, whether one defendant is going to get a new trial and the other is going to get a harmless error analysis. So there are no cases. I don't have that case. I think it just illustrates why the result that we're asking for here should prevail. Okay. Thank you. Case, consolidated case numbers 106-362 and 106-621 will be taken under advisement as agenda number.